IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| AIRBUS S.A.S.,<br><br>Plaintiff,<br><br>v.<br><br>AVIATION PARTNERS, INC,<br><br>Defendant. | Case No. 1:11-cv-1030<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Airbus S.A.S. ("Airbus") for its Complaint for Declaratory Judgment against Defendant Aviation Partners, Inc. ("API"), alleges as follows:

### I.  NATURE OF THE ACTION

1. This is an action for declaratory judgment of invalidity and noninfringement of United States Patent No. 5,348,253 ("the '253 Patent") under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and for such other relief as the Court deems just and proper.

### II.  THE PARTIES

2. Airbus is a *société par action simplifiée* organized under the laws of France with its principal place of business in Toulouse-Blagnac, France.

3. Upon information and belief, API is a private Washington corporation with its principal place of business in Seattle, Washington.

1

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), because the action arises under the laws of the United States and the action is based on a controversy between Airbus and API regarding the invalidity and noninfringement of the '253 Patent.

5. On information and belief, the Court has personal jurisdiction over API because it regularly conducts business in a continuous and systematic manner in Texas and API, through its authorized directors and other representatives and agents, ships, distributes, offers for sale, sells, and/or advertises its products in Texas.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

### IV. FACTS GIVING RISE TO THIS ACTION

7. Airbus is the world's largest manufacturer of commercial aircraft for the civilian market. For decades Airbus has been developing and marketing wing tip devices that reduce drag and improve aircraft performance for various Airbus aircraft, including the A318, A319, and A320. Airbus sells Airbus aircraft, including the A318, A319, and A320, to North and South American customers and delivers all aircraft to all customers outside of the United States.

8. API is the owner of record of the '253 Patent that is titled, "Blended Winglet." The '253 Patent was filed on February 1, 1993, and it was issued by the U.S. Patent and Trademark Office on September 20, 1994. Louis Gratzer is the only inventor listed on the '253 Patent. On December 6, 1995, Gratzer assigned the '253 Patent to API. A copy of the '253 Patent is attached as Exhibit A.

9.     In written and oral communications with Airbus, API has stated repeatedly—including in a memorandum dated August 12, 2011—that Airbus's winglet design falls within the claims of the '253 Patent, and that Airbus must therefore pay API a royalty for its allegedly infringing design. Airbus denies these allegations.

10.    By making these allegations of infringement and demands for a royalty, API has directly charged that Airbus is infringing the '253 Patent. API's threats are a significant hindrance to Airbus and, without an early resolution, place Airbus at a competitive disadvantage. Under all the circumstances, API's threats and actions show that it is prepared and willing to enforce the '253 Patent against Airbus and that there is a substantial live controversy between API and Airbus having adverse legal interests of sufficient immediacy to warrant the issuance of a declaratory judgment.

## V.    FIRST CLAIM FOR RELIEF AGAINST API
(Declaratory Judgment of Invalidity of the '253 Patent)

11.    Airbus restates and incorporates the allegations contained in Paragraphs 1-10 as if fully set forth here.

12.    Based on API's claims and threats against Airbus, an actual controversy has arisen and now exists between the parties as to the validity of the '253 Patent.

13.    Airbus is entitled to a declaratory judgment that the claims of the '253 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## VI.   SECOND CLAIM FOR RELIEF AGAINST API
### (Declaratory Judgment of Noninfringement of the '253 Patent)

14.   Airbus restates and incorporates the allegations contained in Paragraphs 1-10 as if fully set forth here.

15.   Based on API's claims and threats against Airbus, an actual controversy has arisen and now exists between the parties as to infringement of the '253 Patent.

16.   Airbus is entitled to a declaratory judgment that it has not infringed, contributed to infringement by others, or induced others to infringe, and does not infringe, contribute to inducement by others, or induce others to infringe any claim of the '253 Patent.

### DEMAND FOR JURY TRIAL

17.   Airbus demands a trial by jury on all issues so triable.

### REQUEST FOR RELIEF

Wherefore, Airbus requests that this Court:

a.   Enter judgment declaring that the claims of the '253 Patent are invalid and that API is barred from asserting the '253 Patent against Airbus;

b.   Enter judgment declaring that Airbus has not infringed, contributed to the inducement of, or induced others to infringe any claim of, the '253 Patent; and

c.   Award Airbus such other and further relief as to which it may be entitled.

Dated: December 1, 2011

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By: <u>*/s/Thad T. Dameris*</u>
    Thad T. Dameris
    State Bar No. 05345700
    **HOGAN LOVELLS US LLP**
    700 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Tel.: (713) 632-1410
    Fax: (713) 583-6297
    thad.dameris@hoganlovells.com

Eric J. Lobenfeld*
Ira J. Schaefer*
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Tel.: (212) 918-3000
eric.lobenfeld@hoganlovells.com
ira.schaefer@hoganlovells.com

**COUNSEL FOR AIRBUS S.A.S.**

* To be admitted *pro hac vice*