UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIRBUS S.A.S.,<br><br>Plaintiff,<br><br>v.<br><br>AVIATION PARTNERS, INC.,<br><br>Defendant. | CASE NO. C12-1228JLR<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY LITIGATION |

This matter comes before the court on Plaintiff Airbus S.A.S.'s ("Airbus") motion to compel arbitration of counterclaims and stay litigation of those claims pending arbitration (Dkt. # 62). The court, being fully advised of the facts and relevant law and having reviewed the briefing of the parties, GRANTS the motion, orders the parties to arbitrate the counterclaims according to the terms of their agreement, and orders a stay on litigation of Aviation Partners, Inc.'s ("API") counterclaims.

//

//

ORDER- 1

I.   FACTUAL BACKGROUND

Airbus is an aircraft manufacturer based in France. (Compl. (Dkt. # 1) ¶ 2.) API is a Washington-based company that designs and produces "winglets" for use on aircraft. (*Id.* ¶ 3.) A "winglet" is a device that attaches to the tip of an airplane wing to improve aerodynamics and fuel efficiency. (Mot. (Dkt. # 62) at 3.) In 2006, Airbus and API entered into a Non-Disclosure Agreement ("NDA") under which they agreed to share otherwise-confidential information related to winglet design with the goal of designing a winglet for certain Airbus aircrafts. (*Id.* at 3.) For years the agreement fostered exchanges of information between the two companies, helping Airbus create its own winglet device, the "Sharklet." (*Id.* at 3-4.) But in 2011, the relationship soured when API claimed that the "Sharklet" was virtually identical to API's winglet designs, thereby violating the terms of the NDA. (*Id.* at 4.) In anticipation of litigation, Airbus asked the United States District Court for the Western District of Texas for a declaratory judgment that it was not infringing any of API's patents. (*See* Compl.) Airbus filed this suit on December 1, 2011. (*See* Compl.) Seven and a half months later, following a motion to dismiss, API successfully moved to transfer the declaratory judgment action to this court, and shortly thereafter API filed two counterclaims alleging that Airbus violated the terms of the NDA. (*See* Answer (Dkt. # 50).) Six days later, Airbus filed this motion to compel arbitration of the counterclaims in accordance with the terms of the NDA. (*See* Mot.)

//
//

ORDER- 2

## II. ANALYSIS

Airbus' motion is based on an arbitration clause contained in the NDA under which the parties agreed to arbitrate disputes "arising out of or in connection with" the NDA:

> This NDA shall be governed by and construed in accordance with the laws of England.
>
> In the event of any dispute arising out of or in connection with the subject matter of this NDA, the Parties shall first endeavor to resolve such dispute amicably within thirty (30) days after the date of the notification by one Party of such dispute to the other Party. Should the Parties fail to do so, then such dispute shall be determined and settled by arbitration under the current Rules of Arbitration of the International Chamber of Commerce of Paris. The number of arbitrators shall be three (3). The place of arbitration shall be London. The language to be used in the arbitral proceedings shall be English. The arbitration award shall be final and binding on the Parties.
>
> Either Party may seek injunctive relief in any court of competent jurisdiction against improper use or disclosure of Confidential Information.

(Mot. at 4.)

The issue before the court is whether the court should compel arbitration of API's counterclaims as the NDA seems to require. Neither party has asked the court to compel arbitration or stay litigation of Airbus' claim for declaratory judgment regarding patent infringement, so the court will not address that issue.

As the parties' briefing makes clear, this dispute boils down to whether Airbus waived its NDA-created arbitration rights by filing a declaratory judgment action in federal district court in Texas. The court finds that Airbus did not waive its arbitration rights. Therefore, the parties must arbitrate API's counterclaims in accordance with the terms of the NDA.

**A. Governing Law**

The Federal Arbitration Act ("FAA") governs this dispute because the NDA is "a contract evidencing a transaction involving commerce." *See* 9 U.S.C. § 2; *Chiron v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Federal law governs a court's decision whether to compel arbitration even if, under a choice of law provision, the agreement is to be construed under the laws of another jurisdiction. *See Chiron*, 207 F.3d at 1130-31 (applying federal law to decide whether to compel arbitration despite state choice-of-law provision that governed contract).

The FAA limits district courts' discretion in ruling on a motion to compel arbitration. A district court must not address the merits of the underlying dispute, and can make only three determinations: (1) whether there is an agreement to arbitrate; (2) whether there are arbitrable claims; and (3) whether arbitration has been waived. *Chiron*, 207 F.3d at 1130; *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994). If these conditions are met, the district court "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

Here, the parties do not dispute (1) or (2), nor could they. There is plainly an arbitration clause in the NDA, and API's counterclaims arise directly out of the NDA and are therefore arbitrable. (*See* Mot. at 9; Resp. (Dkt. # 65) at 1.) Thus, the only issue is whether Airbus waived its right to arbitrate.

//

//

ORDER- 4

## B. Requirements of Waiver

An examination of waiver must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Waiver of arbitration rights is disfavored, and a party seeking to establish waiver accordingly "bears a heavy burden of proof." *Id.*; *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). Indeed, courts resolve any doubts concerning waiver in favor of arbitrating the dispute. *Fisher*, 791 F.2d at 694. In addition, these pro-arbitration policies apply "with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985).

To establish waiver, the party claiming that arbitration rights have been waived must satisfy a three-part test, showing that: (1) the other party had knowledge of an existing right to compel arbitration; (2) that party acted inconsistently with its existing right; and (3) the inconsistency caused prejudice. *Britton*, 916 F.2d at 1412. The parties here do not dispute (1), but do dispute both (2) and (3).

## C. API Does Not Carry Its "Heavy Burden" of Showing Waiver

The court concludes that API has failed to carry its burden of demonstrating waiver. API has shown neither "inconsistent actions" by Airbus, nor resulting prejudice to API.

### 1. API Has Not Shown "Inconsistent Actions."

There is no concrete test in the Ninth Circuit to determine whether or not actions taken by a party are "inconsistent" with the right to arbitrate. However, in light of the

fact that waiver is disfavored, the Ninth Circuit has been hesitant to conclude that a party's actions are inconsistent. *See, e.g., Britton*, 916 F.2d at 1405 (no inconsistent actions where parties litigated because right to arbitrate was not initially clear); *Fisher*, 791 F.2d at 694-95 (no inconsistent action where party avoided discovery and moved to stay litigation). Indeed, the Ninth Circuit has been willing to find inconsistent actions only in situations where inconsistency is readily apparent from the facts. In *Van Ness Townhouses v. Mar Industries Corp.*, the Court found that a party had acted inconsistently where the party made a "conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims," and chose to "litigate actively the entire matter—including pleadings, motions, and approving a pre-trial conference order—and did not move to compel arbitration until more than two years after the appellants brought the action." 862 F.2d 754, 759 (9th Cir. 1998). Likewise, the Ninth Circuit found inconsistent actions in *United Computer Systems, Inc. v. AT&T Corp.* where a party refused to pay a $2,000 arbitration fee and instead filed a declaratory judgment action in state court and demanded a jury trial but later requested arbitration. 298 F.3d 756, 765 (9th Cir. 2002).

None of those facts are present here. It is true that Airbus initiated this declaratory judgment action, (*see* Compl.) but it did not initiate API's counterclaims (*see* Answer). Airbus has not made any effort to litigate API's counterclaims in any non-arbitral forum, nor is there any evidence that Airbus made a conscious decision to seek judicial judgment of those counterclaims. Indeed, Airbus moved to compel arbitration of API's counterclaims only six days after they were filed. (*See* Mot.) Furthermore, Airbus

notified API of its desire to arbitrate API's counterclaims on two separate occasions before the counterclaims were filed. (Resp. of Airbus in Opp. to Mot. to Dismiss (Dkt # 23) at 3; Sur-Reply of Airbus in Opp. to Motion to Dismiss (Dkt. # 42) at 4.) For these reasons, the court finds that Airbus' choice to litigate its declaratory judgment action but arbitrate API's counterclaims is not the kind of inconsistent action that can support waiver. To the extent there are any doubts about this, those doubts must be resolved in favor of arbitration. *See Fisher*, 791 F.2d at 694.

API argues to the contrary, but in doing so it wrongly assumes that this action and API's counterclaims are the same; in fact, they raise different issues. Airbus' complaint is a patent infringement action asking the court to declare that Airbus is not infringing API's winglet patent; Airbus asks the court to:

> a. Enter judgment declaring that the claims of [API's winglet patent] are invalid and that API is barred from asserting [its] Patent against Airbus.
> b. Enter judgment declaring that Airbus has not infringed, contributed to the inducement of, or induced others to infringe any claim of, the [] Patent . . . .

(Compl. (Dkt. # 1) at 4.) In contrast, API's counterclaims are for breach of the NDA and violation of the Washington Consumer Protection Act (CPA), and seek an injunction based on the terms of the NDA or the CPA; API asks the court to:

> [E]nter an injunction either under the 2006 NDA and/or the Washington State CPA enjoining Airbus from advertising, promoting, marketing, importing, distributing, manufacturing, offering for sale, or selling its Sharklet winglet or any other product that incorporates or misappropriates API's confidential and proprietary information . . . .

(Answer (Dkt. # 50) at 16.) Airbus' claims and API's counterclaims raise different issues.

ORDER- 7

Outside the Ninth Circuit, federal courts have held that it is not inconsistent to initiate litigation for one claim and request arbitration for a related claim that raises "different issues." *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 332 (7th Cir. 1995). Federal courts have also held that it is not inconsistent to initiate litigation for one claim and request arbitration for the opposing party's counterclaims in the same suit, even if the counterclaim is also arbitrable. *Comm. Union Ins. Co. v. Gilbane Bldg. Co.*, 992 F.2d 386, 390-91 (1st Cir. 1993).

These principles apply here. The court holds that API has not met its heavy burden of showing that Airbus acted inconsistently with the right to arbitrate. However, the court also concludes that, even if the court did find inconsistent actions here, API would not establish waiver. Even if API could satisfy prong (2) of the test for waiver, it fails to satisfy prong (3).

**2. API Has not Shown Prejudice**

A party seeking to prove waiver of a right to arbitrate must show that the opposing party's inconsistent actions prejudiced them. *Britton*, 916 F.2d at 1412.

Under controlling Ninth Circuit precedent, a party is not prejudiced by "inconsistent actions" if a request for arbitration comes when the case is still in the early stages and relatively few pleadings have been filed. For example, the Ninth Circuit held in *United Computer Systems* that there was no prejudice where a defendant had incurred substantial litigation costs but the case had only progressed to the pleading stages (including a motion to dismiss). 298 F.3d at 765. Likewise, the Ninth Circuit held in *Lake Communications, Inc. v. ICC Corp.* that there was no prejudice where an arbitration

request came after a case had been in litigation for over a year and some discovery had already taken place. 738 F.2d 1473, 1477 (9th Cir. 1984); see also *Shinto Shipping Co., Ltd v. Fibrex & Shipping Co., Inc.*, 572 F.2d 1328, 1330 (9th Cir.1978) (no prejudice even though discovery had begun). In contrast, in *Hoffman Construction Co. of Oregon v. Active Erectors and Installers, Inc.*, the Ninth Circuit held that prejudice resulted from an arbitration request that came after the case had already proceeded through all of discovery, a trial, and judgment in a state court. 969 F.2d 796, 799 (9th Cir. 1992).

Here, API was not prejudiced by Airbus' allegedly inconsistent acts because this case is still in its early stages. Just like in *United Computer Systems*, the case has not progressed beyond the pleadings. 298 F.3d at 765. The only significant filings in this case (other than this motion) are the complaint, the answer, API's motion to dismiss, and API's motion to transfer the case. Further, just like in *Lake Communications*, the litigation has lasted for approximately one year. 738 F.2d at 1477. Here, there is even less prejudice than in those cases since Airbus seeks to arbitrate only counterclaims, and Airbus moved to compel arbitration for those claims after only six days had passed. (*See* Mot.) Thus, for API to show prejudice, it would have to show that it was somehow harmed by the delay that occurred during this six-day window.

API wrongly argues that it was prejudiced by Airbus' actions because API "spent significant time and money negotiating with Airbus, investigating the claims that Airbus made against API, hiring local counsel in the Western District of Texas, drafting and filing the motion to transfer, and drafting and filing its counterclaim." (Resp. at 8.) But the Ninth Circuit expressly rejected this "substantial costs" argument in *United Computer*

ORDER- 9

1  *Systems*, holding that substantial litigation costs do not show prejudice if a case is still in

2  the pleading stages. 298 F.3d at 765. The court is bound by that decision today and will

3  adhere to it.

4      API makes two prejudice arguments, neither of which the court finds persuasive.

5  First, API argues that it would be prejudiced by having to "duplicate litigation efforts" by

6  having to litigate Airbus' claims while simultaneously arbitrating its own counterclaims.

7  (Resp. at 8-9.) The court rejects this argument, which is not persuasive because (a)

8  litigation will not be duplicative since the counterclaims raise different issues than

9  Airbus' patent claim; (b) to the extent the claims are similar, the Supreme Court has held

10 that courts must order arbitration even it would result in piecemeal resolution of issues,

11 *Dean Witter v. Byrd*, 470 U.S. 213, 217-20 (1985); (c) if API felt it would be overly

12 burdensome to litigate in two different forums, it could attempt to move under the NDA

13 to compel arbitration of Airbus' declaratory judgment action; and (d) most of the

14 preparation work API does for the case (e.g., discovery) will not need to be duplicated in

15 both forums.

16     Finally, API argues that it would be prejudiced if Airbus were allowed to "forum

17 shop" by compelling arbitration. (Resp. at 9). The court rejects this argument as well.

18 Forum shopping might be a concern had Airbus originated the action in one forum then

19 sought transfer to another after some adverse ruling. That did not happen here. Airbus

20 moved to compel arbitration only of API's counterclaims, which Airbus never brought in

21 any forum, but which instead API brought against Airbus. Further, Airbus can hardly be

22

said to be forum shopping when it is merely seeking recourse to a forum the parties mutually agreed upon well in advance of litigation.

### III. CONCLUSION

Because API has shown neither actions inconsistent with the right to arbitrate nor resulting prejudice, API has not carried its burden to show that Airbus waived its arbitration rights. For the foregoing reasons, the court GRANTS Airbus' motion to compel arbitration and stay litigation of API's counterclaims.

Dated this 25th day of October, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 11